**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 08-4406**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

SAMUEL ANDREW GRAY, SR.,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Terry L. Wooten, District Judge.
(4:05-cr-00888-TLW-1)

───────────

Submitted:  June 18, 2009            Decided:  July 10, 2009

───────────

Before MICHAEL, MOTZ, and KING, Circuit Judges.

───────────

Affirmed in part; vacated and remanded in part by unpublished
per curiam opinion.

───────────

Michael W. Chesser, Aiken, South Carolina, for Appellant.   John
DiCicco, Acting Assistant Attorney General, Columbia, South
Carolina, Alan Hechtkopf, Elissa Hart-Mahan, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Andrew Gray, Sr. appeals from a judgment entered after a trial convicting him of eighteen counts of failing to pay over to the Internal Revenue Service and the United States income tax, social security and Medicare taxes, withheld from Appellant's employees' wages, in violation of 26 U.S.C. § 7202 (2006) and 18 U.S.C. § 2 (2006), one count of conspiracy to commit fraud and to defraud the United States, in violation of 18 U.S.C. § 371 (2006), three counts of fraud, in violation of 18 U.S.C. § 2, 18 U.S.C.A. § 1341 (West Supp. 2009), three counts of receipt of stolen funds, in violation of 18 U.S.C. § 2315 (2006), and three counts of money laundering, in violation of 18 U.S.C. §§ 2, 1957 (2006). Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying there were no meritorious arguments for appeal, but raises for the court's consideration whether the district court erred enhancing Gray's offense level by four levels after finding Gray was in the business of laundering money. Gray filed a pro se supplemental brief raising several issues. The Government filed a brief addressing Gray's issues. Because there was an error with the order of restitution that was not harmless, we affirm the convictions, but vacate the sentence and remand for resentencing.

Gray argues the district court erred continuing with a hearing after retained counsel identified a conflict of interest, that he was denied his Sixth Amendment right to counsel because his funds were frozen due to a notice of forfeiture and he was denied his right to hire an expert witness. These issues rise from a protective order freezing certain assets owned by Gray because it appeared the assets were derived from Gray's criminal conduct. We find no error with the court's decision to continue the November 8 hearing, primarily because the magistrate judge later found there was no conflict of interest and the primary topic of the hearing was the potential conflict. We further find Gray was not denied his Sixth Amendment right to counsel. See Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 630-31 (1989) (there is no Sixth Amendment right for criminal defendants to use forfeitable assets for the purpose of retaining counsel of their choosing). With respect to the denial of an expert witness, Gray's appointed counsel never sought funds for an expert, thus there was no error.

There was no abuse of discretion in the district court's decision to not admit a letter written by Gray's attorney to the IRS regarding the sale of his business. See United States v. Bumpass, 60 F.3d 1099, 1102 (4th Cir. 1995) (stating standard of review). The letter was clearly

3

inadmissible hearsay as it was being offered for the truth of the assertions. See Fed. R. Evid. 802.

We also find no abuse of discretion with respect to jury instructions on willful blindness or the instructions for the tax evading charges. See United States v. Abbas, 74 F.3d 506, 513 (4th Cir. 1996) (stating standard of review). The Government's evidence supported an inference that Gray was willfully blind to the source and the legality of the funds he was receiving from Steve Miller. We also note the court's instructions for Counts One through Eighteen followed the text of the statute and focused on the fact that the allegation was that Gray may have withheld the taxes from employees' paychecks, but did not forward the taxes to the proper federal agency.

With the exception of the amount of restitution, we find no error or prejudice suffered by Gray with respect to the district court's findings at sentencing. In determining whether a district court properly applied the advisory Guidelines, including application of any sentencing enhancements, we review the district court's legal conclusions de novo and its factual findings for clear error. United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008). The district court's credibility determinations receive "great deference." United States v. Feurtado, 191 F.3d 420, 424 n. 2 (4th Cir. 1999). There was no clear error in the court's decision to apply a four-level

4

enhancement under U.S. Sentencing Guidelines Manual § 2S1.1(b)(2)(C) (2002) upon finding Gray was in the business of money laundering. We also find no clear error in the two-level enhancement under USSG § 3C1.1 for obstruction of justice based on Gray's testimony at trial. The court properly found Gray gave "false testimony concerning a material matter with the willful intent to provide false testimony" under oath. United States v. Dunnigan, 507 U.S. 87, 94-95 (1993). We further find Gray was not prejudiced by the two-level enhancement for using sophisticated means to conceal his fraud. We also find Gray was not prejudiced because the court declined to rule upon his objection to the amount of loss. A decision in his favor would not have impacted the offense level.

We do, however, conclude there was error in the amount of restitution ordered by the district court and the error was not harmless. This issue was contested at sentencing and ruled against Gray. As the Government now concedes, the amount of restitution is allowed only "for the loss[es] caused by the specific conduct that is the basis of the offense of conviction." Hughey v. United States, 495 U.S. 411, 413, 418 (1990); United States v. Newsome, 322 F.3d 328, 341 (4th Cir. 2003) ("[I]t is the 'offense of conviction,' not the 'relevant conduct,' that must be the cause of losses attributable as restitutionary liability."). Because the difference in the

amount of restitution is significant, we will vacate the sentence and remand for the court to reenter a new order of restitution. In all other respects, we find the sentence reasonable. See Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 597 (2007) (stating standard of review).

We have reviewed the sufficiency of the evidence and find no meritorious issues in this regard. In accordance with Anders, we have reviewed the entire record in this case and have found no other meritorious issues. We therefore affirm Gray's convictions and vacate the sentence and remand for the limited purpose of having the district court enter a new order of restitution, limiting restitution to the amounts contained in the offenses of convictions. We deny Gray's motions for a copy of the Grand Jury minutes and to have his counsel relieved. This court requires counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>VACATED AND REMANDED IN PART</u>